O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA ZHURAVEL,<br><br>                    Plaintiff,<br><br>          v.<br><br>UNITED STATES CITIZENSHIP AND<br>IMMIGRATION SERVICES, et al.,<br><br>                    Defendant. | Case No.: 5:25-cv-02387-MEMF<br><br>**ORDER GRANTING DEFENDANT'S<br>MOTION TO DISMISS [DKT. NO. 16]** |

Before the Court is the Motion to Dismiss filed by Defendants the United States Citizenship and Immigration Services and the United States Department of Homeland Security. Dkt. No. 16. The Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing set for March 5, 2026. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. For the reasons stated herein, the Court hereby GRANTS the Motion to Dismiss without leave to amend.

/ / /

/ / /

1

## I.   Background

### A.  Factual Background[1]

Plaintiff Victoria Zhuravel is a real estate professional who resides in Orange County, California and operates a corporate housing business. Dkt. No. 1 ¶ 7.[2] On or about June 26, 2023, Zhuravel filed a Form I-140 immigrant petition with the United States Citizenship and Immigration Services (USCIS) seeking employment-based second preference (EB-2) immigrant classification as either a member of the professions holding an advanced degree or an individual of exceptional ability. *Id*. ¶ 10. As the petition was filed without a U.S. employer sponsor, Zhuravel self-petitioned under the National Interest Waiver (NIW) category. *Id*. In or about Fall 2023, USCIS issued a Request for Evidence seeking additional records to establish eligibility for the NIW, and Zhuravel timely submitted such materials. *Id*. ¶ 11. On or about February 5, 2024, USCIS issued a decision denying Zhuravel's I-140 petition. *Id*. ¶ 12; Dkt. No. 1-2, Ex. A. USCIS found that Zhuravel qualified as a professional holding an advanced degree but did not demonstrate exceptional ability nor eligibility for a NIW. Dkt. No. 1-2, Ex. A at 5, 7, 9.

On March 6, 2024, Zhuravel timely appealed the denial to the USCIS Administrative Appeals Office (AAO). Compl. ¶ 13. On July 14, 2024, the AAO issued a decision dismissing Zhuravel's appeal. *Id*. ¶ 15; Dkt. No. 1-3, Ex. B. Reviewing her case de novo, the AAO found that Zhuravel did not qualify as a professional holding an advanced degree and agreed with the prior ultimate findings regarding Zhuravel's exceptional ability and eligibility for a NIW. Dkt. No. 1-3, Ex. B at 3-4, 8.

In or about August 2024, Zhuravel timely filed motions to reopen and reconsider to the AAO. Compl. ¶ 18. On February 14, 2025, the AAO issued a decision dismissing both motions. *Id*. ¶ 20; Dkt. No. 1-4, Ex. C. The AAO found that Zhuravel did not establish that she was eligible for a

---

[1] Unless otherwise indicated, the Court's factual background is derived from Zhuravel's Complaint. *See* Dkt. No. 1 ("Compl."). For the purposes of this Motion, the Court treats these factual allegations as true. However, at this stage of the litigation, the Court makes no finding on the truth of these allegations, and is therefore not finding that they are indeed true.

[2] All citations to the page numbers of docket filings are citations to the pagination imposed on the original documents. *See* Bluebook Rule B17.1.4.

NIW and, as this factor was dispositive, declined to reach conclusions about Zhuravel's qualifications as an advanced degree professional or individual of exceptional ability. Dkt. No. 1-4, Ex. C at 2-3.

### B. Procedural History

On September 11, 2025, Zhuravel filed a complaint in this Court against Defendants USCIS and the U.S. Department of Homeland Security. Compl. Zhuravel alleges that Defendants' decisions to deny her I-140 petition and to dismiss her motions to reopen and reconsider were arbitrary, capricious, an abuse of discretion, and not in accordance with the law in violation of the Administrative Procedure Act. 5 U.S.C. § 706(2)(A); Compl. ¶¶ 1, 29.

On January 28, 2026, Defendants filed their Motion to Dismiss for lack of subject matter jurisdiction and failure to state a claim. Dkt. No. 16 ("Motion"). Zhuravel untimely filed an opposition to the Motion on February 12, 2026. Dkt. No. 18 ("Opp'n").[3] Defendants timely filed their reply on February 19, 2026. Dkt. No. 19 ("Reply").

## II.   Applicable Law

### A. Federal Rule of Civil Procedure 12(b)(1)

"Federal courts are courts of limited jurisdiction," and can only hear cases where there is a valid basis for federal jurisdiction. *Richardson v. United States*, 943 F.2d 1107, 1112 (9th Cir. 1991). Federal Rule of Civil Procedure 12(b)(1) authorizes a party to seek dismissal of an action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). In the context of a Rule 12(b)(1) motion, the plaintiff bears the burden of establishing subject matter jurisdiction. *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010). Rule 12(b)(1) jurisdictional challenges can be either facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial challenge, the moving party "asserts that the allegations contained in [the] complaint are insufficient on their face to invoke federal jurisdiction." *Id.*

---

[3] In accordance with this Court's Civil Standing Order, the deadline to file an opposition to the Motion was February 11, 2026. Civil Standing Order § VIII(B). Defendants do not make note of Zhuravel's untimeliness in their Reply. *See* Dkt. No. 19. Although Zhuravel failed to comply with the Court's Civil Standing Order, the Court will address the merits of the parties' claims but admonishes the parties that future noncompliance with procedural requirements may result in a denial of the parties' briefings.

### B. Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) allows an attack on the pleadings for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. Generally, a court must accept the factual allegations in the pleadings as true and view them in the light most favorable to the plaintiff. *Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017). But a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

### C. Federal Rule of Civil Procedure 15(a)

As a general rule, leave to amend a dismissed complaint should be freely granted unless it is clear the complaint could not be saved by any amendment. Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). A district court may deny leave to amend due to futility of amendment. *Id*. at 1034.

### D. The Administrative Procedure Act

With limited exceptions, judicial review under the Administrative Procedure Act (APA) is available for "final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704.  The APA allows a court to "set aside agency action, findings, and conclusions found to be… arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law[.]" *Id*. § 706(2)(A). "[T]he touchstone of 'arbitrary and capricious' review under the APA is 'reasoned decisionmaking.'" *Altera Corp. & Subsidiaries v. Comm'r of Internal Revenue*, 926 F.3d 1061, 1080 (9th Cir. 2019) (quoting *Motor Vehicle Mfrs. Ass'n of the United States, Inc. v. State Farm Mutual Automobile Ins. Co.*, 463 U.S. 29, 52 (1983)). "[T]he agency must examine the relevant data and

articulate a satisfactory explanation for its action including a 'rational connection between the facts found and the choice made.'" *State Farm*, 463 U.S. at 43 (quoting *Burlington Truck Lines v. United States,* 371 U.S. 156, 168 (1962)). An agency need only address significant comments—that is, comments which raise relevant points and, if incorporated, would require a change in the agency's outcome. *Altera*, 926 F.3d at 1081.

### E.  The Immigration and Nationality Act

Under the Immigration and Nationality Act (INA), "the Attorney General may, when the Attorney General deems it to be in the national interest," grant a NIW waiving the job offer and labor certification requirements for noncitizens seeking an EB-2 visa. 8 U.S.C. § 1153(b)(2)(B)(i). No statute defines the conditions under which USCIS should grant a NIW, but the AAO's precedential cases have established a framework for evaluating these petitions. *Poursina v. United States Citizenship & Immigr. Servs.*, 936 F.3d 868, 870 (9th Cir. 2019); *In re Dhanasar*, 26 I. & N. Dec. 884, 886 (2016). Under the *Dhanasar* framework, USCIS may grant a NIW if the petitioner shows by a preponderance of the evidence that (1) the petitioner's proposed endeavor has both substantial merit and national importance, (2) the petitioner is well positioned to advance the proposed endeavor, and (3) on balance, it would be beneficial to the United States to waive the job offer and labor certification requirements. 26 I. & N. Dec. at 889.

The INA also contains a jurisdiction-stripping provision: "no court shall have jurisdiction to review… any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security[.]" 8 U.S.C. § 1252(a)(2)(B)(ii). "[T]he authority to grant (or to deny) a national-interest waiver is in the discretion of the Attorney General" and thus "§ 1252(a)(2)(B)(ii) bars review of decisions under § 1153(b)(2)(B)(i)." *Poursina,* 936 F.3d at 872. However, § 1252(a)(2)(B)(ii) still allows courts "to review certain legal conclusions made on 'nondiscretionary grounds.'" *Id*. at 875 (quoting *Mamigonian v. Biggs*, 710 F.3d 936, 945 (9th Cir. 2013)).

///

///

**III.    Discussion**

For the reasons discussed below, the Court finds that it lacks subject matter jurisdiction over Zhuravel's claims and dismissal without leave to amend is proper. Accordingly, the Court GRANTS the Motion.

**A.  The Court lacks subject matter jurisdiction over Zhuravel's claims.**

The parties agree that this Court is not permitted to reweigh the merits of Zhuravel's I-140 petition under § 1252(a)(2)(B)(ii). Opp'n at 9, 11; Reply at 2; *see Poursina*, 936 F.3d at 872. Thus, the question presented by this motion is whether Zhuravel's allegations properly constitute claims of procedural error or improperly seek a reassessment of the merits of the denial decision. Defendants contend that Zhuravel improperly seeks a review of a discretionary decision by the executive branch over which this Court lacks jurisdiction. Motion at 5-6. Zhuravel argues that Defendants departed from the legal framework when assessing her I-140 petition and NIW eligibility, and the Court is not stripped of jurisdiction to address this. Opp'n at 12-13. The Court must therefore evaluate whether Zhuravel, as the party with the burden of establishing subject matter jurisdiction, sufficiently alleges that USCIS denied her petition on nondiscretionary grounds. *Chandler*, 598 F.3d at 1122; *see Poursina*, 936 F.3d at 875.

Despite Zhuravel's insistence that she seeks review of legal and procedural defects in Defendants' process, the Court finds that, in truth, Zhuravel is challenging the substance of a decision that is within the Defendants' discretion. First, Zhuravel alleges that Defendants failed to correctly apply the legal framework outlined in *Dhanasar* in evaluating Zhuravel's NIW eligibility. Compl. ¶ 31. However, in all three of Defendants' decisions—the denial of Zhuravel's petition, the dismissal of Zhuravel's appeal, and the dismissal of Zhuravel's motions to reopen and reconsider—Defendants repeatedly referenced the framework of *Dhanasar* and either explained the reasons why Zhuravel's evidence fell short of satisfying its factors, or explained why it was unnecessary to address a specific factor. Dkt. No. 1-2, Ex. A at 7-9 (considering the evidence submitted by Zhuravel and finding she has not satisfied the criteria necessary to grant an I-140 petition); Dkt. No. 1-3, Ex. B at 6-8 (concluding that the record contains "sufficient documentation" that Plaintiff's proposed endeavor has substantial merit but "does not demonstrate its national importance" under *Dhanasar*);

Dkt. No. 1-4, Ex. C at 1-3 (holding that Zhuravel "does not assert new facts and instead restates information . . . [that USCIS] previously considered" and found insufficient to obtain a NIW). Zhuravel's argument that Defendants' analysis was too narrow and contrary to the language of *Dhanasar* is unavailing. She states that USCIS "[a]pplied an unduly restrictive conception of 'national importance' that is inconsistent with the governing framework, including by collapsing 'national importance' into a requirement of nationwide geographic scope or demanding a type of impact the framework does not require." Opp'n at 12. But this mischaracterizes the Defendants' actual decisions. They did not collapse national  importance into a requirement of nationwide geographic scope; rather, they noted that *Dhanasar* asks USCIS to "look for broader implications," 26 I. & N. Dec. at 889 , and stated that Zhuravel "has not shown how her endeavor would result in broader implications to the real estate industry, beyond the immediate benefit she may provide to her clients." Dkt. No 1-3, Ex. B at 7. *Dhanasar* only cautions against "*overemphasis* on the geographic breadth of the endeavor" rather than prohibiting its consideration entirely, 26 I. & N. Dec. at 890 (emphasis added), and Defendants considered other reasons in concluding that Zhuravel failed to establish national importance, such as the lack of "relevant and probative evidence" showing that she would "foster homeownership in the United States." Dkt. No. 1-3, Ex. B at 7. Similarly, Defendants' decisions did not demand a type of impact inconsistent with *Dhanasar*; rather, they considered just what *Dhanasar* proposes—for instance, the endeavor's "significant potential to employ U.S. workers or result in substantial economic benefits." *Id.*; *see Dhanasar*, 26 I. & N. Dec. at 890. And still, even if Defendants' reading of *Dhanasar* differs from that of Zhuravel, Zhuravel fails to establish that the Defendants' reading constitutes an abuse of the Defendants' discretion. She therefore fails to establish that the Defendants misapplied *Dhanasar*.

Second, Zhuravel alleges that Defendants failed to provide notice and opportunity for Zhuravel to respond to their new adverse finding, at the appeal stage, that she was not an advanced degree professional. *Id*. ¶ 32. Zhuravel also alleges that Defendants insufficiently addressed this grievance in their dismissal of Zhuravel's motions. *Id*. But Zhuravel points to no statute or precedential case that precludes such an additional adverse finding upon Defendants' permissible *de novo* review of her case. *In re Christos, Inc.*, 26 I. & N. Dec. 537, 537 n. 2 (2015). Furthermore,

Zhuravel was able to respond to this adverse finding in subsequent motions and Defendants' dismissal of these motions addressed and set aside this concern as other factors were dispositive of Zhuravel's case. Dkt. No. 1-4, Ex. C at 3 (citing *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.")).[4]

Third, Zhuravel alleges that Defendants failed to consider and meaningfully engage with Zhuravel's evidence and legal arguments at various stages of the proceedings, such as her expert letters, business plan projections, and documentation of past achievements and experiences. Compl. ¶¶ 33, 35. These allegations mirror the claims of the petitioner in *Poursina*, who alleged "that [USCIS] failed to consider certain evidence . . . [and] misinterpreted the evidence it did consider." 936 F.3d at 875. Just as the Ninth Circuit concluded in *Poursina*, this Court finds that "[t]he essence of [this argument] is that USCIS should have exercised its discretion to issue a national-interest waiver, and [Zhuravel's] various claims simply repackage that core grievance." 936 F.3d at 875. Defendants' ultimate determination that Zhuravel was ineligible for a NIW constitutes "a core exercise of the discretion that the statute vests in the government." *Id*. at 876. That Defendants found Zhuravel's evidence unconvincing or unavailing need not mean they ignored such materials—in fact, consideration of them was necessary to reach such a conclusion, and they were, in fact, considered. *See, e.g.*, Dkt. Nos. 1-2, Ex. A at 8 (finding that Zhuravel's resume, letters of support, and expert opinion letter do not demonstrate that she is well positioned to advance her proposed endeavor under *Dhanasar*'s second prong), 1-3, Ex. B at 8 (concluding that Zhuravel's "business plan does not provide sufficient explanation for the basis of [her revenue and job creation] projections" under *Dhanasar*'s first prong), 1-4, Ex. C at 2 (stating that Zhuravel's "new letter does

---

[4] Zhuravel also asserts that "USCIS regulations provide that if an adverse decision will be based on a ground not previously addressed, the petitioner should be advised and afforded an opportunity to respond." Compl. ¶ 13. Zhuravel cites to 8 C.F.R. § 103.2(b)(16) to support this claim. However, this provision states that a petitioner should have an opportunity to respond "[i]f the decision will be adverse to the . . . petitioner *and* is based on derogatory information considered by the Service and of which the . . . petitioner is unaware." 8 C.F.R. § 103.2(b)(16)(i) (emphasis added). Zhuravel makes no allegation that Defendants' dismissal of her appeal was based on derogatory information of which she was not aware. Thus, Zhuravel's claim that USCIS was required to provide notice of its new adverse finding at the appeal stage is unsupported.

not address how [her] proposed endeavor offers original innovations to advance, or otherwise will have broader implications in, the field of real estate" under *Dhanasar*'s first prong).

Finally, Zhuravel alleges that Defendants imposed novel substantive and evidentiary requirements that are not found in statutes, regulations, or precedential cases. Compl. ¶ 34. For example, Zhuravel argues that "Defendants effectively required [Zhuravel] to demonstrate that her personal salary far exceeded industry averages to prove 'exceptionality ability.'" *Id*. However, it is unclear to the Court how exactly Defendants stepped outside their discretion in concluding that Zhuravel's evidence failed to establish her "exceptionality ability *relative to others working in the field*," Dkt. No. 1-3, Ex. B at 5, a standard that *is* attached to a policy. *See* 6 U.S. Citizenship & Immigr. Servs., *Policy Manual* § F(5)(B)(2) (2026), https://www.uscis.gov/policy-manual/volume-6-part-f-chapter-5 [https://perma.cc/A4TZ-789V]. The record demonstrates that Defendants considered the original and supplemental financial documentation submitted by Zhuravel and concluded that the evidence did not substantiate the "reported salaries"—thereby finding that Zhuravel did not establish exceptional ability relative to others working in the field. Dkt. No. 1-3, Ex. B at 5. Thus, Zhuravel's allegations fail to show that Defendants reached their decisions to ultimately deny her petition on nondiscretionary grounds.

In addition, Zhuravel cites to no binding authority in which a federal court found that it possessed subject matter jurisdiction over claims that mirror the ones at issue here. She cites to *Kurapati v. U.S. Bureau of Citizenship & Immigr. Servs.*, Opp'n at 10, 13-14, yet the court here found that § 1252(a)(2)(B)(ii) posed no bar to a challenge that "USCIS failed to follow the correct procedure in *revoking* [an] I–140 petition[]" as opposed to *granting* one. 775 F.3d 1255, 1262 (11th Cir. 2014) (emphasis added). She cites to *Brasil v. Sec'y, Dep't of Homeland Sec.*, Opp'n at 9, 13-14, yet that court declined to address exactly the type of claims alleged here. 28 F.4th 1189, 1194 (11th Cir. 2022) ("We express no opinion about whether § 1252(a)(2)(B)(ii) precludes judicial review of decisions made under § 1153(b)(2)(B)(i) when the issue involves the failure of USCIS to apply the *Dhanasar* test or the failure to follow other agency procedures.") In any case, neither *Kurapati* nor *Brasil* are binding on this Court. Zhuravel also cites to *Bouarfa v. Mayorkas*, 604 U.S. 6 (2024) to emphasize "the need to separate unreviewable exercises of discretion from reviewable legal and

procedural compliance." Opp'n at 3. However, the existence and importance of this separation are not contested here—the issue is whether Zhuravel has shown that her allegations fall into the latter category. But Zhuravel has not.

Thus, the Court finds that Zhuravel's allegations are insufficient on their face to invoke subject matter jurisdiction.[5]

**B. Dismissal without leave to amend is proper.**

Zhuravel argues that leave to amend is proper where the Court "believes the Complaint's framing could be tightened to make the reviewable nature of the claim clearer." Opp'n at 11. Defendants argue that amendment would be futile as Zhuravel cannot establish federal jurisdiction. Reply at 6; *see Manzarek*, 519 F.3d at 1034. In general, leave to amend a dismissed complaint should be freely granted unless it is clear the complaint could not be saved by any amendment. Fed. R. Civ. P. 15(a); *Manzarek*, 519 F.3d at 1031. Such condition is met here. The record already contains all three of Defendants' decisions, and it makes clear that Zhuravel cannot allege additional facts or "tighten" her framing as she suggests in an amended complaint to overcome the bar of § 1252(a)(2)(B)(ii). Thus, the Court finds that leave to amend is not warranted.

**IV.   Conclusion**

For the foregoing reasons, the Court GRANTS the Motion to Dismiss (Dkt. No. 16) without leave to amend and ORDERS as follows:

1. Zhuravel's APA claim is DISMISSED WITHOUT LEAVE TO AMEND.

IT IS SO ORDERED.

Dated: March 13, 2026

_____

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge

---

[5] Because the Court finds that it lacks subject matter jurisdiction, it need not address the question of whether Zhuravel has failed to state a claim.